OLIVARI Y MATTEI, DEMANDANTE Y APELADO, *v.* BARLETTA & Co., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre acción en cobro de dinero por contribución.

No. 1765.—Resuelto en junio 28, 1918.

EXCEPCIÓN PREVIA—HECHOS SUFICIENTES PARA DETERMINAR UNA CAUSA DE ACCIÓN.—Es frívola la alegación del demandado de que la demanda en este caso no aduce hechos suficientes para determinar una causa de acción, toda vez que la demanda contiene todas las alegaciones necesarias para poder obtener de la corte que condenara al demandado a pagar el importe reclamado en la misma.

ALEGACIONES DE LA DEMANDA—SUFICIENCIA DE LAS MISMAS.—Si bien la alegación tercera de la demanda pudo haber sido más específica en cuanto a que la mercantil R. B. Barletta & Co. estuvo en quiebra y convino con sus acreedores un pago del veinte por ciento de sus créditos, sin embargo, es bastante para alegar tales extremos.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Francis & Soto.*

Abogados del apelado: *Sres. Benet & Souffront.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El demandante en este caso alegó en su demanda que en unión de la demandada Vicente Barletta y Co., de la mercantil R. B. Barletta y Compañía y de don Jose Olivari suscribieron solidariamente a favor de un banco una obligación por la cantidad de $1,200, transcribiendo el documento en la demanda:

2º. Que a solicitud de dicho banco el demandante le satisfizo a éste en diversos plazos la obligación y sus intereses ascendentes todo a $1,325.47;

3º. Que el demandante recibió de R. B. Barletta y Compañía la cantidad de $240 equivalente al veinte por ciento ofrecido y aceptado como arreglo por sus acreedores en la quiebra de dicha mercantil;

4º. Que José Olivari, uno de los firmantes del documento, es insolvente y contra él no ha podido hacer efectiva la parte proporcional de dicha obligación;

5°. Que ha requerido a la mercantil demandada Vicente Barletta y Compañía para que satisfaga $542.73 que es la parte proporcional que como deudor solidario le corresponde pagar después de deducir los $240, abonados por R. B. Barletta y Compañía; más $50 que es la mitad de los intereses legales de las cantidades por él pagadas desde sus respectivos pagos, habiéndose negado la demandada a satisfacer tales cantidades que asciende a $592.73.

La parte demandada excepcionó esa demanda alegando que no aduce hechos suficientes para determinar una causa de acción; y cuando la corte resolvió esa excepción la consideró frívola y dictó sentencia declarando con lugar la demanda en todas sus partes, contra la que la demandada interpuso el presente recurso de apelación.

Realmente la alegación del demandado fué frívola porque la demanda contiene todas las alegaciones necesarias para poder obtener de la corte que condenara al demandado a pagar los $592.73 que le reclaman porque apareciendo de la alegación y del documento transcrito que la obligación era solidaria por $1,200, es indudable que los cuatro firmantes de ella se hallaban igualmente obligados a satisfacer el importe a su vencimiento y que habiéndolo hecho efectivo el demandante en su totalidad tiene derecho a reclamar de sus codeudores la parte proporcional de la deuda; y como la mercantil R. B. Barletta y Compañía hallándose en estado de quiebra satisfizo solamente el 20 por ciento en virtud de arreglo hecho con sus acreedores, siendo insolvente el otro deudor José Olivari, tiene derecho el demandante, una vez deducidos los $240 satisfechos por R. B. Barleta y Compañía, a que le pague la demandada la mitad de la cantidad restante y sus intereses legales.

Aunque insiste el apelante en que la demanda no contiene hechos suficientes determinantes de acción porque la alegación tercera no expone que hubiera una adjudicación en quiebra ni que hubiera un arreglo con los acreedores, si bien esa alegación pudo haber sido más específica en esos extre-

mos, sin embargo es bastante para alegar que dicha mercantil estuvo en quiebra y que convino con sus acreedores en un pago del veinte por ciento de sus créditos.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.